IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTERCEPT PHARMACEUTICALS, INC.<br>and INTERCEPT PHARMA EUROPE LTD., | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | C.A. No. _____ |
| ZENARA PHARMA PRIVATE LIMITED., | ) <br> ) | |
| Defendant. | ) | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Intercept Pharmaceuticals, Inc. ("Intercept Pharmaceuticals") and Intercept Pharma Europe Limited ("IPEL") (collectively "Intercept" or "Plaintiffs"), by their undersigned attorneys, bring this action against Defendant Zenara Pharma Private Limited ("Defendant" or "Zenara"), and hereby allege as follows:

**NATURE OF THE ACTION**

1.     This action for patent infringement, brought pursuant to the patent laws of the United States, 35 U.S.C. § 1, *et seq*., and in particular under 35 U.S.C. § 271, arises from Defendant's submission of Abbreviated New Drug Application ("ANDA") No. 214855 to the United States Food and Drug Administration ("FDA"). Through this ANDA, Defendant seeks approval to market a generic version of the pharmaceutical product OCALIVA® (obeticholic acid, 5 mg and 10 mg) prior to the expiration of U.S. Patent Nos. 9,238,673 (filed June 17, 2013) ("the '673 Patent"); 10,047,117 (filed Nov. 20, 2015) ("the '117 Patent"); 10,052,337 (filed Apr. 26, 2016) ("the '337 Patent"); 10,174,073 (filed Apr. 25, 2017) ("the '073 Patent"); 10,751,349 (filed Jan. 15, 2019) ("the '349 Patent"); and 10,758,549 (filed Feb. 11, 2020) ("the '549 Patent") (collectively the "patents-in-suit"). Plaintiffs seek injunctive relief prohibiting infringement, attorneys' fees, and any other relief the Court deems just and proper.

2.      This is also an action under 28 U.S.C. §§ 2201–02 for a declaratory judgment of patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq*., and in particular under 35 U.S.C. § 271.

## THE PARTIES

3.      Plaintiff Intercept Pharmaceuticals is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 305 Madison Ave., Morristown, NJ 07960.

4.      Plaintiff IPEL is a limited corporation organized under the laws of the United Kingdom, having a principal place of business at Adler House, 35-36 Eagle Street, London, WC1R 4AQ, United Kingdom.

5.      On information and belief, Defendant Zenara is a corporation organized and existing under the laws of the Republic of India, having its principal place of business at Plot 87-95, Phase III, Industrial Development Area, Cherlapally, Hyderabad, 500051, India.

6.      On information and belief, Zenara caused ANDA No. 214855 (the "Zenara ANDA") to be submitted to FDA and seeks approval of that application.

7.      On information and belief, Defendant intends to commercially manufacture, market, offer for sale, and sell the products described in the Zenara ANDA (the "Zenara ANDA Products" or "ANDA Products") throughout the United States, including in the State of Delaware, in the event the FDA approves the Zenara ANDA.

## JURISDICTION AND VENUE

8.      This civil action for patent infringement arises under the patent laws of the United States, including 35 U.S.C. § 271, and alleges infringement of the patents-in-suit. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338, and 2201–02.

9.     This Court has personal jurisdiction over Defendant because, on information and belief, Defendant, *inter alia*, has continuous and systematic contacts with Delaware, regularly conducts business in Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos, has purposefully availed itself of the privilege of doing business in Delaware, and intends to sell the Zenara ANDA Products in Delaware upon approval of the Zenara ANDA.

10.     On information and belief, Defendant is in the business of manufacturing, marketing, importing, distributing, and selling pharmaceutical drug products, including generic drug products, either directly or through subsidiaries, agents, and/or alter egos, which Defendant manufactures, distributes, markets and/or sells throughout the United States and in this judicial district.

11.     On information and belief, Defendant is licensed to sell generic and proprietary pharmaceutical products in Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos.

12.     Defendant has committed, or aided, abetted, contributed to, and/or participated in the commission of, acts of infringement of the asserted patents that will lead to foreseeable harm and injury to Plaintiffs. On information and belief, and as indicated by a letter dated August 6, 2022 sent by Zenara Pharma Private Limited to Intercept Pharmaceuticals pursuant to 21 U.S.C. § 355(j)(2)(b), Defendant prepared and filed the Zenara ANDA with the intention of seeking to market the Zenara ANDA Products nationwide, including within this judicial district.

13.     On information and belief, Defendant plans to sell the Zenara ANDA Products in Delaware, list the Zenara ANDA Products on Delaware's prescription drug formulary, and seek

Medicaid reimbursements for sales of the Zenara ANDA Products in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos.

14.     On information and belief, Defendant knows and intends that the Zenara ANDA Products will be distributed and sold in Delaware and will thereby displace sales of OCALIVA®, causing injury to Plaintiffs. Defendant intends to take advantage of its established channels of distribution in Delaware for the sale of the Zenara ANDA Products.

15.     Defendant has engaged in patent litigation concerning FDA-approved drug products in this judicial district and has not contested personal jurisdiction or venue in this judicial district in such litigation. *See, e.g.*, *Merck Sharp & Dohme Corp. et al. v. Zenara Pharma Private Limited*, No. 22-379 (VAC) (D. Del. April 5, 2022); *Newron Pharmaceuticals S.p.A. et al. v. Aurobindo Pharma Limited et al.*, No. 21-843 (RGA) (D. Del. July 13, 2021); *Otsuka Pharmaceutical Co., Ltd. et al. v. Zenara Pharma Private Ltd. et al.*, No. 19-1938 (LPS) (D. Del. Oct. 30, 2019); *Genzyme Corp. et al. v. Zenara Pharma Private Limited*, No. 19-264 (CFC) (D. Del. Feb. 27, 2019).

16.     Additionally, this Court has personal jurisdiction over Zenara Pharma Private Limited because the requirements of Federal Rule of Civil Procedure 4(k)(2)(A) are met as (a) Intercept's claims arise under federal law; and (b) Zenara Pharma Private Limited is a foreign defendant not subject to general personal jurisdiction in the courts of any state.

17.     Venue is proper in this district for Zenara Pharma Private Limited pursuant to 28 U.S.C. § 1391(c)(3) because, *inter alia*, Zenara Pharma Private Limited is a corporation organized and existing under the laws of Republic of India and may be sued in any judicial district.

**INTERCEPT'S APPROVED OCALIVA® DRUG PRODUCT AND PATENTS**

18.     Intercept makes and sells OCALIVA®, a product used in the treatment of primary biliary cholangitis (PBC) in combination with ursodeoxycholic acid (UDCA) in adults with an

inadequate response to UDCA, or as monotherapy in adults unable to tolerate UDCA. The active ingredient in OCALIVA® is obeticholic acid. OCALIVA® is available in two strengths, 5 mg and 10 mg. A true and correct copy of the prescribing label for OCALIVA® is attached as Exhibit A.

19.     Intercept Pharmaceuticals is the holder of New Drug Application ("NDA") No. 207999 for OCALIVA® and the owner of the patents-in-suit. The FDA approved NDA No. 207999 for OCALIVA® on May 27, 2016, and granted OCALIVA® five years of regulatory exclusivity for a new chemical entity pursuant to 21 C.F.R. § 314.108, which expired on May 27, 2021. The FDA also granted OCALIVA® orphan drug exclusivity pursuant to 21 C.F.R. § 316.31, which expires on May 27, 2023.

20.     IPEL is the exclusive licensee of the patents-in-suit, which are listed in the Approved Drug Products With Therapeutic Equivalence Evaluations (an FDA publication commonly known as the "Orange Book") for OCALIVA®.

21.     The '673 Patent entitled, "Preparations and Uses of Obeticholic Acid," was duly and lawfully issued by the USPTO on January 19, 2016. A true and correct copy of the '673 Patent is attached as Exhibit B.

22.     The '117 Patent entitled, "Preparations and Uses of Obeticholic Acid," was duly and lawfully issued by the USPTO on August 14, 2018. A true and correct copy of the '117 Patent is attached as Exhibit C.

23.     The '337 Patent entitled, "Compositions of Obeticholic Acid and Methods of Use," was duly and lawfully issued by the USPTO on August 21, 2018. A true and correct copy of the '337 Patent is attached as Exhibit D.

24.     The '073 Patent entitled, "Preparations and Uses of Obeticholic Acid," was duly and lawfully issued by the USPTO on January 8, 2019. A true and correct copy of the '073 Patent is attached as Exhibit E.

25.     The '349 Patent entitled, "Compositions of Obeticholic Acid and Methods of Use," was duly and lawfully issued by the USPTO on August 25, 2020. A true and correct copy of the '349 Patent is attached as Exhibit F.

26.     The '549 Patent entitled, "Compositions of Obeticholic Acid and Methods of Use," was duly and lawfully issued by the USPTO on September 1, 2020. A true and correct copy of the '549 Patent is attached as Exhibit G.

## ZENARA'S ANDA

27.     On information and belief, Zenara has submitted or caused to be submitted ANDA No. 214855 to the FDA under 21 U.S.C. § 355(j), in order to obtain approval to engage in the commercial manufacture, use, or sale of obeticholic acid tablets, as a purported generic version of OCALIVA®, prior to the expiration of the patents-in-suit.

28.     Zenara Pharma Private Limited mailed a letter to Intercept Pharmaceuticals, dated August 6, 2022, regarding "Notice of Paragraph IV Certification of U.S. Patent Nos. 9,238,673; 10,047,117; 10,052,337; 10,174,073; 10,751,349; and 10,758,549 Concerning ANDA No. 214855 for Obeticholic Acid tablets, 5 mg and 10 mg" (the "Notice Letter"). The Notice Letter represented that Zenara had submitted to the FDA the Zenara ANDA and a purported Paragraph IV certification by Zenara Pharma Private Limited to obtain approval to engage in the commercial manufacture, use, or sale of the product described in the Zenara ANDA before the expiration of patents listed in the Orange Book for OCALIVA®. Thus, Zenara's purpose in submitting the Zenara ANDA is to manufacture and market the ANDA Products before the expiration of the patents-in-suit.

29.     Zenara's Notice Letter stated that the Paragraph IV certification in the Zenara ANDA alleges that the '673, '117, '337, '073, '349, and '549 Patents are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, or sale of the ANDA Products.

30.     Zenara's Notice Letter contained a purported detailed statement of the factual and legal basis for its Paragraph IV certification ("Detailed Statement").

31.     Zenara's Notice Letter did not identify the name and address of an agent in the United States authorized to accept service of process on behalf of Zenara, which is required by 21 C.F.R. § 314.95(c)(9) for ANDA applicants, like Zenara Pharma Private Limited, that do not reside or have a place of business in the United States and, thus, is deficient for at least this reason.

32.     Zenara's Notice Letter contained a purported offer of confidential access ("the Zenara Offer") that was offered by Zenara Pharma Private Limited to Supernus Pharmaceuticals, Inc., not Plaintiffs. In addition, the Zenara Offer contained unreasonable restrictions on who could view the ANDA. The Zenara Offer did not permit any of Intercept's in-house attorneys to access Zenara's ANDA. Nor did it permit scientific experts to access Zenara's ANDA. Additionally, the Zenara Offer contained provisions that unreasonably restricted counsel receiving access to Zenara's ANDA. The restrictions the Zenara Offer placed on access to Zenara's ANDA contravene 21 U.S.C. § 355(j)(5)(C)(i)(III), which states that an offer of confidential access "shall contain such restrictions as to persons entitled to access, and on the use and disposition of any information accessed, as would apply had a protective order been entered for the purpose of protecting trade secrets and other confidential business information." Outside counsel for Plaintiffs negotiated in good faith with counsel for Zenara but were unable to reach agreement on reasonable terms of confidential access to the ANDA.

33.     On information and belief, Defendant has participated in the preparation and submission of the Zenara ANDA, has provided material support to the preparation and submission of the Zenara ANDA, and intends to support the further prosecution of the Zenara ANDA.

34.     On information and belief, if the FDA approves the Zenara ANDA, Defendant will manufacture, offer for sale, or sell the ANDA Products within the United States, including within Delaware, or will import the ANDA Products into the United States, including Delaware.

35.     Alternatively, on information and belief, if the FDA approves the Zenara ANDA, Defendant will actively induce or contribute to the manufacture, use, offer for sale, or sale of the ANDA Products.

36.     This action is being filed within forty-five days of Intercept Pharmaceuticals' receipt of the Notice Letter.

**COUNT I**
**INFRINGEMENT OF THE '673 PATENT**

37.     Plaintiffs incorporate by reference paragraphs 1–36 as if fully set forth herein.

38.     On information and belief, Defendant has submitted or caused the submission of the Zenara ANDA to the FDA and continues to seek FDA approval of the Zenara ANDA.

39.     Defendant has infringed the '673 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting the Zenara ANDA with a Paragraph IV certification and seeking FDA approval of the Zenara ANDA prior to the expiration of the '673 Patent.

40.     On information and belief, if the Zenara ANDA is approved, Defendant and its affiliates will make, offer for sale, sell, or otherwise distribute the ANDA Products in the United States, directly infringing the '673 Patent.

41.     On information and belief, upon FDA approval of the Zenara ANDA, Defendant will market and distribute the Zenara ANDA Products to resellers, pharmacies, health care

8

professionals, and end users of the Zenara ANDA Products. Accompanying the Zenara ANDA Products, Defendant will also knowingly and intentionally include a product label and insert containing instructions for administering the Zenara ANDA Products. Accordingly, Defendant will induce physicians and other health care professionals, resellers, pharmacies, and end users of the Zenara ANDA Products to directly infringe one or more claims of the '673 Patent. In addition, on information and belief, Defendant will encourage acts of direct infringement with knowledge of the '673 Patent and knowledge that they are encouraging infringement.

42.     Defendant's commercial manufacture, use, offer for sale, sale, or importation into the United States of the ANDA Products would actively induce and/or contribute to infringement of the '673 Patent. Accordingly, unless enjoined by this Court, upon FDA approval of ANDA No. 214855, Defendant will make, use, offer to sell, or sell the ANDA Products within the United States, or will import the ANDA Products into the United States, and will thereby contribute to the infringement of and/or induce the infringement of one or more claims of the '673 Patent.

43.     Defendant had actual knowledge of the '673 Patent prior to filing the Zenara ANDA. Defendant filed the Zenara ANDA without a reasonable basis for asserting the '673 Patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the ANDA Products. Defendant's conduct in certifying invalidity, unenforceability, and/or non-infringement with respect to the '673 Patent renders this case "exceptional" under 35 U.S.C. § 285.

44.     Plaintiffs will be irreparably harmed if Defendant is not enjoined from infringing and from actively inducing or contributing to the infringement of the '673 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and

Defendant, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**COUNT II**
**DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '673 PATENT**

45.     Plaintiffs incorporate by reference paragraphs 1–44 as if fully set forth herein.

46.     Plaintiffs' claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

47.     On information and belief, if the Zenara ANDA is approved, the ANDA Products will be made, offered for sale, sold, or otherwise distributed in the United States, by or through Defendant and its affiliates.

48.     On information and belief, Defendant knows that health care professionals or patients will use the ANDA Products in accordance with the labeling sought by the Zenara ANDA and Defendant will therefore contribute to the infringement of and/or induce the infringement of one or more claims of the '673 Patent under one or more of 35 U.S.C. §§ 271(a), (b), (c), (f) and (g).

49.     On information and belief, Defendant's infringing activity, including the commercial manufacture, use, offer to sell, sale, or importation of the ANDA Products complained of herein will begin immediately after the FDA approves the Zenara ANDA. Any such conduct before the '673 Patent expires will contribute to the infringement of and/or induce the infringement of one or more claims of the '673 Patent under one or more of 35 U.S.C. §§ 271(a), (b), (c), (f) and (g).

50.     As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and Defendant concerning liability for the infringement

of the '673 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

51.     Plaintiffs will be substantially and irreparably harmed by Defendant's infringing activities unless those activities are enjoined by this Court. Plaintiffs have no adequate remedy at law.

52.     This case is exceptional, and Plaintiffs are entitled to an award of attorneys' fees under 35 U.S.C. § 285.

**COUNT III**
**INFRINGEMENT OF THE '117 PATENT**

53.     Plaintiffs incorporate by reference paragraphs 1–52 as if fully set forth herein.

54.     On information and belief, Defendant has submitted or caused the submission of the Zenara ANDA to the FDA and continues to seek FDA approval of the Zenara ANDA.

55.     Defendant has infringed the '117 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting the Zenara ANDA with a Paragraph IV certification and seeking FDA approval of the Zenara ANDA prior to the expiration of the '117 Patent.

56.     On information and belief, if the Zenara ANDA is approved, Defendant and its affiliates will make, offer for sale, sell, or otherwise distribute the ANDA Products in the United States, directly infringing the '117 Patent.

57.     On information and belief, upon FDA approval of the Zenara ANDA, Defendant will market and distribute the Zenara ANDA Products to resellers, pharmacies, health care professionals, and end users of the Zenara ANDA Products. Accompanying the Zenara ANDA Products, Defendant will also knowingly and intentionally include a product label and insert containing instructions for administering the Zenara ANDA Products. Accordingly, Defendant will induce physicians and other health care professionals, resellers, pharmacies, and end users of

the Zenara ANDA Products to directly infringe one or more claims of the '117 Patent. In addition, on information and belief, Defendant will encourage acts of direct infringement with knowledge of the '117 Patent and knowledge that they are encouraging infringement.

58.   Defendant's commercial manufacture, use, offer for sale, sale, or importation into the United States of the ANDA Products would actively induce and/or contribute to infringement of the '117 Patent. Accordingly, unless enjoined by this Court, upon FDA approval of ANDA No. 214855, Defendant will make, use, offer to sell, or sell the ANDA Products within the United States, or will import the ANDA Products into the United States, and will thereby contribute to the infringement of and/or induce the infringement of one or more claims of the '117 Patent.

59.   Defendant had actual knowledge of the '117 Patent prior to filing the Zenara ANDA. Defendant filed the Zenara ANDA without a reasonable basis for asserting the '117 Patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the ANDA Products. Defendant's conduct in certifying invalidity, unenforceability, and/or non-infringement with respect to the '117 Patent renders this case "exceptional" under 35 U.S.C. § 285.

60.   Plaintiffs will be irreparably harmed if Defendant is not enjoined from infringing and from actively inducing or contributing to the infringement of the '117 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Defendant, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## COUNT IV
## DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '117 PATENT

61.   Plaintiffs incorporate by reference paragraphs 1–60 as if fully set forth herein.

62.     Plaintiffs' claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

63.     On information and belief, if the Zenara ANDA is approved, the ANDA Products will be made, offered for sale, sold, or otherwise distributed in the United States, by or through Defendant and its affiliates.

64.     On information and belief, Defendant knows that health care professionals or patients will use the ANDA Products in accordance with the labeling sought by the Zenara ANDA and Defendant will therefore contribute to the infringement of and/or induce the infringement of one or more claims of the '117 Patent under one or more of 35 U.S.C. §§ 271(a), (b), (c), (f) and (g).

65.     On information and belief, Defendant's infringing activity, including the commercial manufacture, use, offer to sell, sale, or importation of the ANDA Products complained of herein will begin immediately after the FDA approves the Zenara ANDA. Any such conduct before the '117 Patent expires will contribute to the infringement of and/or induce the infringement of one or more claims of the '117 Patent under one or more of 35 U.S.C. §§ 271(a), (b), (c), (f) and (g).

66.     As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and Defendant concerning liability for the infringement of the '117 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

67.     Plaintiffs will be substantially and irreparably harmed by Defendant's infringing activities unless those activities are enjoined by this Court. Plaintiffs have no adequate remedy at law.

Case 1:22-cv-01215-MN   Document 1   Filed 09/16/22   Page 14 of 27 PageID #: 14

68.     This case is exceptional, and Plaintiffs are entitled to an award of attorneys' fees under 35 U.S.C. § 285.

**COUNT V**
**INFRINGEMENT OF THE '337 PATENT**

69.     Plaintiffs incorporate by reference paragraphs 1–68 as if fully set forth herein.

70.     On information and belief, Defendant has submitted or caused the submission of the Zenara ANDA to the FDA and continues to seek FDA approval of the Zenara ANDA.

71.     Defendant has infringed the '337 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting the Zenara ANDA with a Paragraph IV certification and seeking FDA approval of the Zenara ANDA prior to the expiration of the '337 Patent.

72.     On information and belief, if the Zenara ANDA is approved, Defendant and its affiliates will make, offer for sale, sell, or otherwise distribute the ANDA Products in the United States, directly infringing the '337 Patent.

73.     On information and belief, upon FDA approval of the Zenara ANDA, Defendant will market and distribute the Zenara ANDA Products to resellers, pharmacies, health care professionals, and end users of the Zenara ANDA Products. Accompanying the Zenara ANDA Products, Defendant will also knowingly and intentionally include a product label and insert containing instructions for administering the Zenara ANDA Products. Accordingly, Defendant will induce physicians and other health care professionals, resellers, pharmacies, and end users of the Zenara ANDA Products to directly infringe one or more claims of the '337 Patent. In addition, on information and belief, Defendant will encourage acts of direct infringement with knowledge of the '337 Patent and knowledge that they are encouraging infringement.

74.     Defendant's commercial manufacture, use, offer for sale, sale, or importation into the United States of the ANDA Products would actively induce and/or contribute to infringement

14

of the '337 Patent. Accordingly, unless enjoined by this Court, upon FDA approval of ANDA No. 214855, Defendant will make, use, offer to sell, or sell the ANDA Products within the United States, or will import the ANDA Products into the United States, and will thereby contribute to the infringement of and/or induce the infringement of one or more claims of the '337 Patent.

75.     Defendant had actual knowledge of the '337 Patent prior to filing the Zenara ANDA. Defendant filed the Zenara ANDA without a reasonable basis for asserting the '337 Patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the ANDA Products. Defendant's conduct in certifying invalidity, unenforceability, and/or non-infringement with respect to the '337 Patent renders this case "exceptional" under 35 U.S.C. § 285.

76.     Plaintiffs will be irreparably harmed if Defendant is not enjoined from infringing and from actively inducing or contributing to the infringement of the '337 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Defendant, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

### COUNT VI
### DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '337 PATENT

77.     Plaintiffs incorporate by reference paragraphs 1–76 as if fully set forth herein.

78.     Plaintiffs' claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

79.     On information and belief, if the Zenara ANDA is approved, the ANDA Products will be made, offered for sale, sold, or otherwise distributed in the United States, by or through Defendant and its affiliates.

80. On information and belief, Defendant knows that health care professionals or patients will use the ANDA Products in accordance with the labeling sought by the Zenara ANDA and Defendant will therefore contribute to the infringement of and/or induce the infringement of one or more claims of the '337 Patent under one or more of 35 U.S.C. §§ 271(a), (b), (c), (f) and (g).

81. On information and belief, Defendant's infringing activity, including the commercial manufacture, use, offer to sell, sale, or importation of the ANDA Products complained of herein will begin immediately after the FDA approves the Zenara ANDA. Any such conduct before the '337 Patent expires will contribute to the infringement of and/or induce the infringement of one or more claims of the '337 Patent under one or more of 35 U.S.C. §§ 271(a), (b), (c), (f) and (g).

82. As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and Defendant concerning liability for the infringement of the '337 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

83. Plaintiffs will be substantially and irreparably harmed by Defendant's infringing activities unless those activities are enjoined by this Court. Plaintiffs have no adequate remedy at law.

84. This case is exceptional, and Plaintiffs are entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT VII
## INFRINGEMENT OF THE '073 PATENT

85. Plaintiffs incorporate by reference paragraphs 1–84 as if fully set forth herein.

86.     On information and belief, Defendant has submitted or caused the submission of the Zenara ANDA to the FDA and continues to seek FDA approval of the Zenara ANDA.

87.     Defendant has infringed the '073 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting the Zenara ANDA with a Paragraph IV certification and seeking FDA approval of the Zenara ANDA prior to the expiration of the '073 Patent.

88.     On information and belief, if the Zenara ANDA is approved, Defendant and its affiliates will make, offer for sale, sell, or otherwise distribute the ANDA Products in the United States, directly infringing the '073 Patent.

89.     On information and belief, upon FDA approval of the Zenara ANDA, Defendant will market and distribute the Zenara ANDA Products to resellers, pharmacies, health care professionals, and end users of the Zenara ANDA Products. Accompanying the Zenara ANDA Products, Defendant will also knowingly and intentionally include a product label and insert containing instructions for administering the Zenara ANDA Products. Accordingly, Defendant will induce physicians and other health care professionals, resellers, pharmacies, and end users of the Zenara ANDA Products to directly infringe one or more claims of the '073 Patent. In addition, on information and belief, Defendant will encourage acts of direct infringement with knowledge of the '073 Patent and knowledge that it is encouraging infringement.

90.     Defendant's commercial manufacture, use, offer for sale, sale, or importation into the United States of the ANDA Products would actively induce and/or contribute to infringement of the '073 Patent. Accordingly, unless enjoined by this Court, upon FDA approval of ANDA No. 214855, Defendant will make, use, offer to sell, or sell the ANDA Products within the United States, or will import the ANDA Products into the United States, and will thereby contribute to the infringement of and/or induce the infringement of one or more claims of the '073 Patent.

17

91.     Defendant had actual knowledge of the '073 Patent prior to filing the Zenara ANDA. Defendant filed the Zenara ANDA without a reasonable basis for asserting the '073 Patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the ANDA Products. Defendant's conduct in certifying invalidity, unenforceability, and/or non-infringement with respect to the '073 Patent renders this case "exceptional" under 35 U.S.C. § 285.

92.     Plaintiffs will be irreparably harmed if Defendant is not enjoined from infringing and from actively inducing or contributing to the infringement of the '073 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Defendant, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## COUNT VIII
## DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '073 PATENT

93.     Plaintiffs incorporate by reference paragraphs 1–92 as if fully set forth herein.

94.     Plaintiffs' claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

95.     On information and belief, if the Zenara ANDA is approved, the ANDA Products will be made, offered for sale, sold, or otherwise distributed in the United States, by or through Defendant and its affiliates.

96.     On information and belief, Defendant knows that health care professionals or patients will use the ANDA Products in accordance with the labeling sought by the Zenara ANDA and Defendant will therefore contribute to the infringement of and/or induce the infringement of one or more claims of the '073 Patent under one or more of 35 U.S.C. §§ 271(a), (b), (c), (f) and (g).

97.     On information and belief, Defendant's infringing activity, including the commercial manufacture, use, offer to sell, sale, or importation of the ANDA Products complained of herein will begin immediately after the FDA approves the Zenara ANDA. Any such conduct before the '073 Patent expires will contribute to the infringement of and/or induce the infringement of one or more claims of the '073 Patent under one or more of 35 U.S.C. §§ 271(a), (b), (c), (f) and (g).

98.     As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and Defendant concerning liability for the infringement of the '073 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

99.     Plaintiffs will be substantially and irreparably harmed by Defendant's infringing activities unless those activities are enjoined by this Court. Plaintiffs have no adequate remedy at law.

100.     This case is exceptional, and Plaintiffs are entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT IX
## INFRINGEMENT OF THE '349 PATENT

101.     Plaintiffs incorporate by reference paragraphs 1–100 as if fully set forth herein.

102.     On information and belief, Defendant has submitted or caused the submission of the Zenara ANDA to the FDA and continues to seek FDA approval of the Zenara ANDA.

103.     Defendant has infringed the '349 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting the Zenara ANDA with a Paragraph IV certification and seeking FDA approval of the Zenara ANDA prior to the expiration of the '349 Patent.

104.   On information and belief, if the Zenara ANDA is approved, Defendant and its affiliates will make, offer for sale, sell, or otherwise distribute the ANDA Products in the United States, directly infringing the '349 Patent.

105.   On information and belief, upon FDA approval of the Zenara ANDA, Defendant will market and distribute the Zenara ANDA Products to resellers, pharmacies, health care professionals, and end users of the Zenara ANDA Products. Accompanying the Zenara ANDA Products, Defendant will also knowingly and intentionally include a product label and insert containing instructions for administering the Zenara ANDA Products. Accordingly, Defendant will induce physicians and other health care professionals, resellers, pharmacies, and end users of the Zenara ANDA Products to directly infringe one or more claims of the '349 Patent. In addition, on information and belief, Defendant will encourage acts of direct infringement with knowledge of the '349 Patent and knowledge that it is encouraging infringement.

106.   Defendant's commercial manufacture, use, offer for sale, sale, or importation into the United States of the ANDA Products would actively induce and/or contribute to infringement of the '349 Patent. Accordingly, unless enjoined by this Court, upon FDA approval of ANDA No. 214855, Defendant will make, use, offer to sell, or sell the ANDA Products within the United States, or will import the ANDA Products into the United States, and will thereby contribute to the infringement of and/or induce the infringement of one or more claims of the '349 Patent.

107.   Defendant had actual knowledge of the '349 Patent prior to filing the Zenara ANDA. Defendant filed the Zenara ANDA without a reasonable basis for asserting the '349 Patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the ANDA Products. Defendant's conduct in certifying invalidity, unenforceability,

and/or non-infringement with respect to the '349 Patent renders this case "exceptional" under 35 U.S.C. § 285.

108.    Plaintiffs will be irreparably harmed if Defendant is not enjoined from infringing and from actively inducing or contributing to the infringement of the '349 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Defendant, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**COUNT X**
**DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '349 PATENT**

109.    Plaintiffs incorporate by reference paragraphs 1–108 as if fully set forth herein.

110.    Plaintiffs' claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

111.    On information and belief, if the Zenara ANDA is approved, the ANDA Products will be made, offered for sale, sold, or otherwise distributed in the United States, by or through Defendant and its affiliates.

112.    On information and belief, Defendant knows that health care professionals or patients will use the ANDA Products in accordance with the labeling sought by the Zenara ANDA and Defendant will therefore contribute to the infringement of and/or induce the infringement of one or more claims of the '349 Patent under one or more of 35 U.S.C. §§ 271(a), (b), (c), (f) and (g).

113.    On information and belief, Defendant's infringing activity, including the commercial manufacture, use, offer to sell, sale, or importation of the ANDA Products complained of herein will begin immediately after the FDA approves the Zenara ANDA. Any such conduct before the '349 Patent expires will contribute to the infringement of and/or induce the infringement

of one or more claims of the '349 Patent under one or more of 35 U.S.C. §§ 271(a), (b), (c), (f) and (g).

114.    As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and Defendant concerning liability for the infringement of the '349 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

115.    Plaintiffs will be substantially and irreparably harmed by Defendant's infringing activities unless those activities are enjoined by this Court. Plaintiffs have no adequate remedy at law.

116.    This case is exceptional, and Plaintiffs are entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT XI
## INFRINGEMENT OF THE '549 PATENT

117.    Plaintiffs incorporate by reference paragraphs 1–116 as if fully set forth herein.

118.    On information and belief, Defendant has submitted or caused the submission of the Zenara ANDA to the FDA and continues to seek FDA approval of the Zenara ANDA.

119.    Defendant has infringed the '549 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting the Zenara ANDA with a Paragraph IV certification and seeking FDA approval of the Zenara ANDA prior to the expiration of the '549 Patent.

120.    On information and belief, if the Zenara ANDA is approved, Defendant and its affiliates will make, offer for sale, sell, or otherwise distribute the ANDA Products in the United States, directly infringing the '549 Patent.

121.    On information and belief, upon FDA approval of the Zenara ANDA, Defendant will market and distribute the Zenara ANDA Products to resellers, pharmacies, health care

professionals, and end users of the Zenara ANDA Products. Accompanying the Zenara ANDA Products, Defendant will also knowingly and intentionally include a product label and insert containing instructions for administering the Zenara ANDA Products. Accordingly, Defendant will induce physicians and other health care professionals, resellers, pharmacies, and end users of the Zenara ANDA Products to directly infringe one or more claims of the '549 Patent. In addition, on information and belief, Defendant will encourage acts of direct infringement with knowledge of the '549 Patent and knowledge that it is encouraging infringement.

122.    Defendant's commercial manufacture, use, offer for sale, sale, or importation into the United States of the ANDA Products would actively induce and/or contribute to infringement of the '549 Patent. Accordingly, unless enjoined by this Court, upon FDA approval of ANDA No. 214855, Defendant will make, use, offer to sell, or sell the ANDA Products within the United States, or will import the ANDA Products into the United States, and will thereby contribute to the infringement of and/or induce the infringement of one or more claims of the '549 Patent.

123.    Defendant had actual knowledge of the '549 Patent prior to filing the Zenara ANDA. Defendant filed the Zenara ANDA without a reasonable basis for asserting the '549 Patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the ANDA Products. Defendant's conduct in certifying invalidity, unenforceability, and/or non-infringement with respect to the '549 Patent renders this case "exceptional" under 35 U.S.C. § 285.

124.    Plaintiffs will be irreparably harmed if Defendant is not enjoined from infringing and from actively inducing or contributing to the infringement of the '549 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and

Defendant, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**COUNT XII**
**DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '549 PATENT**

125.     Plaintiffs incorporate by reference paragraphs 1–124 as if fully set forth herein.

126.     Plaintiffs' claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

127.     On information and belief, if the Zenara ANDA is approved, the ANDA Products will be made, offered for sale, sold, or otherwise distributed in the United States, by or through Defendant and its affiliates.

128.     On information and belief, Defendant knows that health care professionals or patients will use the ANDA Products in accordance with the labeling sought by the Zenara ANDA and Defendant will therefore contribute to the infringement of and/or induce the infringement of one or more claims of the '549 Patent under one or more of 35 U.S.C. §§ 271(a), (b), (c), (f) and (g).

129.     On information and belief, Defendant's infringing activity, including the commercial manufacture, use, offer to sell, sale, or importation of the ANDA Products complained of herein will begin immediately after the FDA approves the Zenara ANDA. Any such conduct before the '549 Patent expires will contribute to the infringement of and/or induce the infringement of one or more claims of the '549 Patent under one or more of 35 U.S.C. §§ 271(a), (b), (c), (f) and (g).

130.     As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and Defendant concerning liability for the infringement

of the '549 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

131.    Plaintiffs will be substantially and irreparably harmed by Defendant's infringing activities unless those activities are enjoined by this Court. Plaintiffs have no adequate remedy at law.

132.    This case is exceptional, and Plaintiffs are entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

A.    A judgment that Defendant has infringed the '673, '117, '337, '073, '349, and '549 Patents under 35 U.S.C. § 271(e)(2)(A);

B.    A declaratory judgment that under one or more of 35 U.S.C. §§ 271(a), (b), (c), (f) and (g), Defendant's commercial manufacture, use, offer for sale, or sale in, or importation into, the United States of the ANDA Products, or inducing or contributing to such conduct, would constitute infringement of one or more claims of the '673, '117, '337, '073, '349, and '549 Patents;

C.    A permanent injunction, pursuant to 35 U.S.C. § 271(e)(4)(B), restraining and enjoining Defendant, its affiliates and subsidiaries, and all persons and entities acting in concert with Defendant from commercially manufacturing, using, offering for sale, or selling or importing any product that infringes the '673, '117, '337, '073, '349, or '549 Patents, including the ANDA Products described in ANDA No. 214855;

D.    The entry of an order, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of any FDA approval of ANDA No. 214855 shall be no earlier than the expiration date of the '673, '117, '337, '073, '349, and '549 Patents, or any later expiration of exclusivity for the '673, '117, '337, '073, '349, and '549 Patents, including any extensions or regulatory exclusivities;

E.      A declaration under 28 U.S.C. § 2201 that if Defendant, its officers, agents, servants, employees, licensees, representatives, and attorneys, and any other persons acting or attempting to act in active concert or participation with them or acting on its behalf, engage in the commercial manufacture, use, offer for sale, sale and/or importation of the product described in ANDA No. 214855, it will constitute an act of direct and/or indirect infringement of the '673, '117, '337, '073, '349, and '549 Patents;

F.      An award of damages or other relief, pursuant to 35 U.S.C. § 271(e)(4)(C), if Defendant engages in the commercial manufacture, use, offer for sale, sale, and/or importation of the ANDA Products, or any product that infringes the '673, '117, '337, '073, '349, and '549 Patents, or induces or contributes to such conduct, prior to the expiration of the '673, '117, '337, '073, '349, and '549 Patents, or any later expiration of exclusivity for the '673, '117, '337, '073, '349, and '549 Patents, including any extensions or regulatory exclusivities;

G.      The entry of judgment declaring that Defendant's acts render this case an exceptional case, and awarding Plaintiffs their attorneys' fees pursuant to 35 U.S.C. §§ 271(e)(4) and 285;

H.      An award to Plaintiffs of their costs and expenses in this action; and

I.      Such other and further relief as the Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

_____

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Christopher Sipes
Jeffrey Elikan
Megan Keane
Douglas A. Behrens
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001-4956
(202) 662-6000

September 16, 2022